DOMENICK SPENZIERATO, AN INFANT, BY HIS NEXT
FRIEND, ALLESSANDRO SPENZIERATO AND FELICIA
SPENZIERATO, RESPONDENTS, v. OUR LADY MONTE
VIRGINE SOCIETY OF MUTUAL BENEFIT OF EAST
ORANGE, NEW JERSEY, APPELLANT.

Submitted October 27, 1933—Decided January 5, 1934.

For the appellant, *Forlenza & Harrington* (*William P.
Braun,* of counsel).

For the respondents, *Nicholas Albano.*

The opinion of the court was delivered by

LLOYD, J. The appeal is by Our Lady Monte Virgine
Society of Mutual Benefit of East Orange, one of the defend-
ants in the above entitled cause, from a judgment obtained
by the plaintiff, and the grounds of appeal are that the court
erred in denying the defendant's motion for nonsuit and for
the direction of a verdict in its favor.

The action was to recover damages for injuries to a boy
eight years of age, caused by the explosion of a bomb which
had been left on a vacant lot by a fireworks company on
the evening of the 8th of September, 1928.

The facts which the jury might have found were these:
On the 8th and 9th of September, 1928, the defendant society
gave a festival which included church services, band concerts,

parades and a fireworks display on the evening of the 8th. The fireworks were exhibited by another defendant under contract with the society. This display was given on an adjoining piece of property which had been leased by the society for the purpose. On the following day the boy plaintiff and other children were playing on the lots where the festival was being held and while doing so one of the bombs was picked up and exploded, causing the injuries to the boy's hand, ultimately requiring its amputation. It appeared that the lot on which the bomb was found had been habitually used by children, of whom plaintiff was one, as a playground. There was some proof that the festival was continuing in some of its phases through the day of the 9th.

It was upon these proofs that the case was permitted to go to the jury. The motion for nonsuit was based on the ground that there was no proof of negligence. The motion for a direction was rested on the ground that by a preponderance of the evidence negligence had not been shown; that leaving the object on the ground was not the proximate cause of the accident; that there was no testimony to show that the defendant was responsible for the explosion of the bomb, and finally that if an invitation was given by the defendant it did not extend to the boy plaintiff.

The case is argued in appellant's brief solely on the ground of invitation and negligence. If the case rested on invitation it is probable that under our cases no liability would attach by reason of the foregoing facts in the absence of proof of willful injury. *Gavin* v. *O'Connor*, 99 *N. J. L.* 162, and cases of kindred character. The case, however, as it seems to us, more nearly presents in principle a rule of liability as illustrated in the case of *Piraccini* v. *Director-General of Railroads*, 95 *Id.* 114, where an infant child received injuries and died from coming in contact with a fire kindled by the defendant railroad company on its own property, the child having entered the place to play. In that case the fundamental obligation of those handling dangerous agencies as declared by Chief Justice Beasley, in *Van Winkle* v. *American Steam Boiler Co.*, 52 *Id.* 240, is quoted at length. In this

statement of the law it was said by the Chief Justice that "in all cases in which any person undertakes the performance of an act which, if not done with care and skill, will be highly dangerous to the persons or lives of one or more persons known or unknown, the law *ipso facto* imposes as a public duty the obligation to exercise such care and skill." In that case as here an infant child was playing on property of the defendant commonly used as a playground by children. This fact was known or ought to have been known to the defendant in both cases. In both cases a highly dangerous instrument was used; in the one case fire; in the other, explosive bombs.

While the defendant society had no part in the actual exhibition of the fireworks, the premises under the general scope of the festival were under its control, and as to those who had been and were continuing to play on the premises it was under a duty to use reasonable care to see that after the exhibition the grounds should be cleared of any dangerous unexploded bombs. In the present case there was not only the previous use of the grounds by children, but there was the added element of continuance of operation of the festival itself thereby by the defendant's own act rendering the place a natural one for children to enter.

While the law that places merely attractive to children imposes no obligation of care, as exhibited in the case of *Friedman* v. *Snare & Triest,* 71 *N. J. L.* 605, where a child was injured while see-sawing on girders temporarily placed in the highway as part of a building construction, has found place in our jurisprudence, the principle is not to be extended beyond its strict limitations and is not applicable to the present case.

A strict reading of the reasons urged for nonsuit and for direction would seem to exclude the question of whether a duty was owed to the injured child as a basis for review here, but we have treated the case as though it were legally presented and have reached the conclusion that it was open to the jury to find that such duty did exist, and that there was evidence of failure in its performance.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 16.

*For reversal*—None.